UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEQUAN I. BUCHANAN,

    Plaintiff,

v.

UNKNOWN WILLIS, et al.,

    Defendants.
_____/

Case No. 2:23-cv-239

HON. JANE M. BECKERING

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Corrections Officer (C/O) Willis and Inspector R. Pawley, who are Michigan Department of Corrections (MDOC) employees, moved for summary judgment. Plaintiff did not file a response to their motion. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), concluding that Defendants met their burden of establishing that no genuine issue of material fact exists and recommending this Court grant their motion. The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation, to which Defendants filed a response. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff's objections concern only the Magistrate Judge's analysis of his First Amendment retaliation claim against Defendant Willis.[1] To prevail on a First Amendment retaliation claim, a plaintiff must show that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated by the protected conduct (R&R, ECF No. 28 at PageID.330, citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

First, regarding the protected conduct prong, Plaintiff argues that the Magistrate Judge erred in stating that verbal harassment and name calling are considered "de minimis" (Pl. Obj., ECF No. 29 at PageID.349, referencing R&R, ECF No. 28 at PageID.333). According to Plaintiff, "this is the issue. C/O Willis believes it's okay or minimal at worst to address inmates with hateful, belittling, derogatory, and racist speech" (*id.*).

Plaintiff's objection lacks merit.

"[P]rotected conduct included a prisoner's 'undisputed First Amendment right to file grievances against prison officials on his own behalf.'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). "The principal limitation to this constitutional right is if the grievance is 'frivolous.'" *Richards v. Perttu*, 96 F.4th 911, 917 (6th Cir.), cert. granted, 145 S. Ct. 119 (2024), and aff'd, 145 S. Ct. 1793 (2025). *See also Lewis v. Casey*, 518 U.S. 343, 353 (1996) (explaining that "[d]epriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure

---

[1] The Magistrate Judge noted that, despite being titled a "New Verified Complaint," the operative pleading was, in fact, not "verified" inasmuch as Plaintiff did not comply with statutory requirements (R&R, ECF No. 28 at PageID.326 n.1, citing 28 U.S.C. § 1746 (Unsworn declarations under penalty of perjury)). In his objections, Plaintiff indicates his disagreement with the Magistrate Judge's footnote (Objs., ECF No. 29 at PageID.348–349). However, Plaintiff does not provide any authority for his disagreement, nor does he connect his disagreement to any alleged factual error by the Magistrate Judge in examining his claims.

11 sanctions."); *King v. Zamiara*, 680 F.3d 686, 699 (6th Cir. 2012) ("Abusive or manipulative use of a grievance system would not be protected conduct.").

The Magistrate Judge correctly related that while Defendant Willis' alleged language may have been unprofessional, the right to be free from such language is not constitutionally protected; rather, "[c]ourts have found grievances to be de minimis and therefore frivolous when the grievance complains of verbal abuse or harassment" (R&R, ECF No. 28 at PageID.333, citing cases therein). Plaintiff may disagree with the state of the law, but his mere disagreement does not demonstrate legal error by the Magistrate Judge.

Second, Plaintiff contends that the Magistrate Judge "fail[ed] to mention" that his claim against Defendant Willis is also supported by Willis "throwing his ID at him" (Pl. Obj., ECF No. 29 at PageID.349–350).

Plaintiff's argument is misplaced.

The Magistrate Judge referenced this alleged fact in the Factual Allegations section of the Report and Recommendation and expressly addressed the alleged fact in his analysis of the second prong of Plaintiff's retaliation claim—adverse action. *See* R&R, ECF No. 28 at PageID.328, 334. Specifically, the Magistrate Judge indicated that Plaintiff alleges that Defendant Willis "threw his ID on the floor and told him to fetch it like a Muslim dog," and the Magistrate Judge concluded that the "actions" that Plaintiff attributes to Defendant Willis are "insufficient to show adverse conduct" (*id.* at PageID.334). *See also Heyward v. Cooper*, 88 F.4th 648, 657 (6th Cir. 2023) ("The plaintiff's evidentiary burden is merely to establish the factual basis for his claim that the retaliatory acts amounted to more than a de minimis injury.") (quoting *Hill*, 630 F.3d at 473).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See*

FED. R. CIV. P. 58.  The Court declines to certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).  Therefore:

  **IT IS HEREBY ORDERED** that the Objections (ECF No. 29) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 28) is APPROVED and ADOPTED as the Opinion of the Court.

  **IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 24) is GRANTED for the reasons stated in the Report and Recommendation.

Dated:  July 22, 2025             /s/ Jane M. Beckering
                     JANE M. BECKERING
                     United States District Judge